# COUNTY OF PISCATAQUIS.

INHABITANTS OF MILO *versus* INHABITANTS OF GARDINER.

A child, under age, follows the settlement of his father, which is continued until a new one is acquired.

When the acts of assessors are material, they may be established by the evidence of their books of assessment.

The temporary absence of a juror from the jury rooms, without permission of the Court, affords no ground for disturbing the verdict, when there is no proof of misconduct on his part with reference to the cause on trial.

When such absence may be regarded as a contempt of the Court, it may become its duty to punish the offender.

A mere difference of opinion between the Court and jury, in the deductions from the proof, or inferences to be drawn from the testimony, will not, where there is evidence on both sides, authorize the disturbance of a verdict.

ON EXCEPTIONS and MOTION FOR NEW TRIAL. From *Nisi Prius*, APPLETON, J., presiding.

This was an action of the case against the defendant town, to recover supplies furnished one Barzilla Dorr, a pauper, whose settlement was alleged to be in Gardiner.

The plaintiffs introduced the deposition of the pauper referred to.

The defendants introduced evidence tending to show that the father and mother of the pauper moved into Milo, January 16, 1833, from Gardiner, where they had a settlement, and continued to live in Milo more than five years, and acquired a new settlement there; that Barzilla went to Milo a few days before they did, and resided with them in that place as his home, until into the summer of 1833, when he went away to work; that he became of age May 12, 1833; that he drifted about from place to place until he married, in November or December, 1836, and went to Bangor, continuing there awhile, and then living at various other places until he became again a resident of Milo.

Upon these facts, the defendants requested the Court to instruct the jury, if a settlement under his father and mother commenced in Milo, as stated, that, at the end of five years, when the parents acquired a new settlement in Milo, the son's settlement would then be also in Milo, which instruction the Judge refused to give.

The plaintiffs put in the book of assessment of taxes of Milo, for years intervening between 1833 and 1838, to which the defendants objected, but the Court admitted it.

Exceptions were taken by the defendant town, and allowed.

The verdict was for the plaintiffs; whereupon the defendants moved for a new trial, on the ground that the verdict was against law and evidence, &c., and also for the reason that one of the jurors left- the jury room temporarily, while the jurors were deliberating on the verdict.

*C. A. Everett*, for plaintiffs.

*Blake* and *Danforth*, for defendants.

1. Legitimate children shall follow and have the settlement of their father " until they gain a settlement of their own." R. S., c. 32, § § 1, 2; Act of 1821, c. 122, § 2.

The pauper's settlement was in Milo, between January 16, 1838, and May 12, 1838, by virtue of his *following* and having the settlement of his father, and he never acquired one *out of Milo*, afterwards, himself.   So the law of this case is clearly with Gardiner, and the instruction, refused by the Judge, should have been given as requested.   *Parsonsfield* v. *Kennebunk*, 4 Greenl. 47; *Plymouth* v. *Freetown*, 1 Pick. 197.

2. The books of assessments should have been excluded.   They were well calculated to have a great effect upon the jury; and yet the omission to tax him may have arisen from his being poor, and sick, and miserably broken down all the while, as he really was; or it may have been done purposely, in order to be afterwards used as evidence.

Upon the motion for new trial:—

1. The absence of the juryman without cause, without permission of Court, leaving at his own motion and staying away during his pleasure, constitutes good cause for a new

trial. There may have been misconduct on his part. If present his suggestions might have brought the others to a different result and himself too.

2. The verdict was clearly and palpably against evidence.

APPLETON, J. — While a child is under age his settlement accompanies and follows that of his father. This is expressly declared in the second mode of gaining a settlement in the statutes of 1821, c. 122, § 2, which provides, that "legitimate children shall follow and have the settlement of their father, if he have any within this State, *until they gain a settlement of their own.*" *Hampden* v. *Brewer*, 24 Maine, 281.

When the child arrives at full age, the settlement derived from his father remains fixed until a new one is acquired in some of the modes specified by the Act, to which reference has been made.

If the acts of the assessors become material, their books of assessment are the evidence by which they may be established.

That a juryman was temporarily absent from the jury room, without the consent of the Court, affords no ground for disturbing the verdict, when there is no proof of any misconduct on his part in reference to the cause on trial. If the juryman has been guilty of an act which may be regarded as a contempt of Court, it may become their duty to punish the offender. No reason is perceived why the party, in whose favor a verdict has been rendered, should be punished for what he was in no way responsible, by setting aside a verdict which he has fairly obtained.

There are probably few verdicts rendered, where, in the first instance, there is entire unanimity on the part of the jury. In case of a motion for a new trial, the inquiry is not whether the verdict is such as the Court would on the same evidence have rendered, nor whether it is conformable to the conclusions to which the presiding Judge might or would have arrived. The law imposes on the jury the duty of ascertaining the facts. It is for them to determine the meaning of the

words used, and from the appearance and manner of the
witnesses, to mete to each the degree of evidence to which
they may be severally entitled.   Their verdict is the result
of their aggregate opinions.   It is not to be disturbed, unless
for manifest error or misconduct.   A mere difference between
the Court and jury in the deductions from the proof, or the
inferences to be drawn from the testimony, will not, when
there is evidence on both sides, justify the disturbance of a
verdict.   It is not for the Court to assume the functions of a
jury, nor to touch upon their appropriate and peculiar sphere
of duty.                              *Exceptions and motion overruled.*

TENNEY, C. J., and HATHAWAY, MAY, and GOODENOW, J. J.,
concurred.